This case under the Indian Claims Commission Act is now before us, without oral argument, on defendant’s motion to dismiss the remainder of the action for lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. More specifically, defendant’s position is that, as a result of the decisions rendered by this court and the Commission in earlier proceedings, and by Congress through passage of the Alaska Native Claims Settlement Act of 1971, 43 U.S.C. § 1603(c),[1] no viable claims remain in the present docket. Plaintiffs, on the other hand, contend that, while a number of the claims in docket No. 369 and all of the claims in a related docket No. 352 have been dismissed or finally adjudicated, see, Aleut Community of Saint Paul Is. v. United States, 202 Ct. Cl. 182, 480 F.2d 831 (1973); Aleut Community of Saint Paul Is. v. United States, 42 Ind. Cl. Comm. 1 (1978), some of the claims set forth in docket No. 369 are still viable and should proceed to trial.
A short summary of the present status of the case will be helpful. Both Nos. 369 and 352 were brought before the Indian Claims Commission by the Aleut Tribe and relate to partially overlapping claims and geographic areas. As such, *546 they have previously been dealt with in consolidated form or joint decisions, and at this point No. 352 is no longer involved.[2] The claims contained in these dockets were based on allegations relating to plaintiffs’ aboriginal and fee simple title to certain islands and adjacent water, hunting and fishing rights, and defendant’s failure to act fairly and honorably in its dealings with claimants. This court dismissed all of these claims with the exception of those based on a breach of fair and honorable dealings (not involving aboriginally-owned lands) under the Indian Claims Commission Act, 25 U.S.C. § 70a. Aleut Community, supra, 202 Ct. Cl. at 200-01, 480 F.2d at 840-41. Claims for breach of fair and honorable dealings were found to survive the Alaska Settlement Act, supra, to the extent that they were not based on aboriginal title. Id. at 195, 480 F.2d at 838. The court held that such claims could be established if they met certain criteria, including a showing that a special relationship existed between the Tribe and the United States. Id. at 196, 480 F.2d at 838-39.
Plaintiffs have asserted that this special relationship was established (among other ways) by Article III of the Treaty of Cession of 1867, 15 Stat. 539 (1867), between Russia and the United States ceding Alaska and its islands, but in earlier proceedings the court did not rule on the Treaty as a basis for such a relationship. Instead, it relied to show such a relationship on certain statutes passed by Congress relating to the seal trade on the Pribilof Islands of Saint Paul and Saint George. See, Act of July 1,1870,16 Stat. 180 (1870); Act of April 21, 1910, 36 Stat. 326 (1910). The court then remanded Nos. 369 and 352 for proceedings on the fair and honorable dealings claim, and, on remand, the Commission found that a claim had been made out under the 1870 and 1910 Acts, and awarded a judgment to plaintiffs with respect to the Pribilof Islands of Saint George and Saint Paul. 42 Ind. Cl. Comm. 1 (1978). The plaintiffs’ claims with *547 respect to the Aleutian Chain of Islands were not considered or determined.
Plaintiffs now take the position that, notwithstanding the earlier judgment and the Alaska Settlement Act, supra, they still have a claim for breach of Article III of the Treaty of Cession, and a claim for breach of defendant’s duty of fair and honorable dealings — both of which, plaintiffs admit, are now limited in scope to the Aleutian Chain of Islands. See, ¶ 24. Plaintiffs’ First Supplemental Petition.
These claims are based on defendant’s alleged breach of Article III of the Treaty of Cession which provides that certain inhabitants of the territory ceded by Russia
shall be admitted to the enjoyment of all the rights, advantages, and immunities of citizens of the United States, and shall be maintained and protected in the free enjoyment of their liberty, property, and religion. [15 Stat. 539,542(1867)].
The claim of failure to deal fairly and honorably is also based on the fair and honorable dealings provision of the Indian Claims Commission Act, 25 U.S.C. § 70a. The special relationship evoking this duty of fair and honorable dealings is said to stem from the above-quoted 1867 treaty language.[3] In support of these claims, plaintiffs allege that the Government has injured it through its interference with native lands (held in fee simple, as opposed to by aboriginal title), trade, and commerce, and has also injured these natives through actions with respect to fisheries and other resources upon which the natives are dependent.
We believe that the issues raised by this motion have not thus far been adequately presented and these issues are not ripe for disposition by this court. Further development of the problems would be helpful in clarifying the issues and resolving any factual and interpretative disputes. We therefore remand (under Rule 54(a)) defendant’s motion, without prejudice, as well as the entire case, to the trial *548 judge for a further ventilation of the issues and for decision of that motion.
Upon remand, the trial judge has full leave to examine the problems raised by the motion in any way he deems appropriate — including but not limited to (1) seeking and/or receipt of additional argumentation and documentary materials by the parties; (2) seeking and/or receipt of additional pleadings by the parties; (3) seeking and/or receipt of evidence on the issues raised by the motion; (4) consideration of whether the legislative history of, and course of dealings under the Treaty, indicate that claimants are or are not beneficiaries of the Treaty with respect to their Aleutian Chain claims; (5) consideration of whether on the basis of the facts alleged by claimants there was a breach of the Treaty vindicable in this proceeding; (6) consideration of whether or not the Treaty establishes the required special relationship between claimants and the Government; (7) consideration of whether on the basis of the facts alleged by claimants there would be a lack by defendant of fair and honorable dealings within the Claims Commission Act; and (8) consideration of the extent, if any, that claimants’ Aleutian Chain claims have already been disposed of by this court or the Commission.[4]
IT IS SO ORDERED.

 This act extinguished all claims of Native Americans based on "aboriginal right, title, use, or occupancy of land or water areas in Alaska* * *.”

 The geographic area originally covered by the two dockets included both the Pribilof Islands and the Aleutian Chain of Islands. While plaintiffs allege that certain claims relating to the Aleutian Chain of Islands are still pending before the court as part of No. 369, both parties agree that all claims relating to the Pribilof Islands have been disposed of through final adjudication of the claims in No. 362 and of those claims in No. 369 relating to the Pribilof Island of Saint George (which were severed from No. 369 and consolidated with No. 352 in 36 Ind. Cl. Comm. 235 (1975)).

 Since the 1870 and 1910 Acts upon which this court relied for the creation of a special relationship in our 1973 decision of Aleut Community, supra, do not apply to the Aleutian Chain, they cannot be used by plaintiffs as a basis for showing a special relationship with regard to the remaining claims in No. 369. Defendant urges us to find that the Treaty of Cession is also unavailable to create such a relationship.

 This specification of possible problems and considerations for the trial judge is not intended to be either mandatory or exclusive.